IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LISA L. FOSS,                                    Civ. No. 08-1247-AA
                                                 OPINION AND ORDER
          Plaintiff,

     v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.
_____

Merrill Schneider
Schneider Law Offices
P.O. Box 16310
Portland, OR 97292-0310
     Attorney for plaintiff

Kent S. Robinson
Acting United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Michael S. Howard
Special Assistant United States Attorney
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
     Attorneys for defendant


1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act (the Act). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

On September 14, 2004, plaintiff Lisa Foss protectively filed an application for SSI benefits, alleging disability since July 19, 2004 due to injuries sustained in a motorcycle accident. T.R. 11, 32, 51-57. Her SSI application was denied initially and on reconsideration. T.R. 11, 25-26, 38-40. After timely requesting a hearing, plaintiff, a medical examiner, and a vocation expert (VE) appeared and testified before an administrative law judge (ALJ) on October 18, 2007. T.R. 27, 31-32. On March 27, 2008, the ALJ issued a decision finding that plaintiff was not disabled under the Act because her substance abuse, namely regular marijuana use, was a contributing factor to her disability. T.R. 11-24. The Appeals Council denied plaintiff's request for review on August 19, 2008, rendering the ALJ's decision the final agency decision. T.R. 4. Plaintiff now seeks judicial review.

Plaintiff was forty-three years old at the time of the ALJ's

decision.  Tr. 632.  She has a high school equivalent education.
T.R. 651.  Plaintiff alleges her disability is due to "head injury,
manic depression, alcoholism, poor balance, head scars, pain and
depression, poor concentration and memory, headaches, and
seizures."  T.R. 32.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is
based on the proper legal standards and the findings are
supported by substantial evidence in the record.  Hammock v.
Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence
is "more than a mere scintilla.  It means such relevant evidence
as a reasonable mind might accept as adequate to support a
conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971)
(quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)).
The court must weigh "both the evidence that supports and
detracts from the [Commissioner's] conclusion."  Martinez v.
Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  Where the evidence
is susceptible to more than one rational interpretation, the
Commissioner's conclusion must be upheld.  Sample v. Schweiker,
694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to
establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486
(9th Cir. 1986).  To meet this burden, a claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates allegations of disability pursuant to the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. A claimant has the burden in steps one through four to establish that she cannot perform past work, or has no past relevant work. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); 20 C.F.R. § 416.965(a). "[T]he burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." Burch, 400 F.3d at 679.

An otherwise disabled individual is not eligible for benefits under the Act if drug addiction or alcoholism (DAA) is "a contributing factor." See 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). If a claimant's record contains evidence that substance abuse contributes to claimant's disability, the ALJ must first assess disability under the five-step sequential evaluation process "without separating out the impact of alcoholism or drug addiction." Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001). Only if the ALJ finds the claimant disabled under the five-step inquiry should the ALJ evaluate the medical evidence

4 - OPINION AND ORDER

and, if necessary, consult with a medical expert, to determine what limitations would remain if the claimant abstained from drugs or alcohol.  Id.; 20 C.F.R. § 404.1535(b)(2).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process.  See Bowen, 482 U.S. at 140; 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 13; 20 C.F.R. §§ 404.1520(b), 416.920(b).  At step two, the ALJ found that plaintiff had the following severe impairments: "cognitive disorder, not otherwise specified; major depressive disorder, recurrent and moderate; post-traumatic stress disorder; marijuana abuse; and a history of alcohol and methamphetamine abuse, claimed remission."  T.R. 13; see 20 C.F.R. § 416.920(c). The ALJ also noted the following non-severe impairments: "hepatitis C, seizures, post-concussion syndrome, asthma, status post rib injury and headaches."  T.R. 13-14.

At step three, the ALJ found that none of plaintiff's severe impairments met or equaled "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity."  T.R. 14-15; 20 C.F.R. §§ 404.1520(d), 416.920(d).  As part of the step three analysis, the ALJ found that plaintiff had "marked difficulties" in the areas of concentration, persistence, and pace.  T.R. 14.  Proceeding to

step four, the ALJ determined that plaintiff's residual

functional capacity (RFC) allowed her to perform light work.

T.R. 15.  Specifically, the ALJ found that in an eight-hour

workday plaintiff could sit for six hours and stand for three.

T.R.  15.  Plaintiff could walk six blocks at a time, frequently

lift and carry ten pounds, and occasionally lift and carry twenty

pounds.  T.R. 15.  The ALJ found that plaintiff could

"occasionally balance and use ladders, ropes, and scaffolds."

T.R. 15.  The ALJ found that plaintiff was precluded from food

service, preparation, or handling work because of her hepatitis

C, and that plaintiff was limited to "occasional interactions

with members of the general public."  T.R. 15.  Finally, the ALJ

found that plaintiff "has deficiencies in concentration,

persistence and pace such that it interferes with the completion

of tasks in a timely manner for one-third of the workday."  T.R.

15.  Because the ALJ found that plaintiff had no past relevant

work, the ALJ proceeded to step five.  T.R. 16; see 20 C.F.R. §

416.965.

        At step five, the ALJ, relying on the plaintiff's RFC and

the testimony of the VE, determined that "there are no jobs that

exist in significant numbers in the national economy that the

claimant can perform."  T.R. 16; 20 C.F.R. §§ 416.960(c),

416.966.  Therefore, the ALJ found that plaintiff was disabled.

T.R. 17.  Because plaintiff's record included evidence of

6 - OPINION AND ORDER

substance abuse, the ALJ again evaluated plaintiff under the
five-step inquiry to determine plaintiff's RFC without the
influence of drugs and alcohol.  T.R. 17-24; see Bustamante 262
F.3d at 955; 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 404.1535(a),
416.935(a).  In this second inquiry, the ALJ made the same
findings for steps one and two.  T.R. 17.  At step three, the ALJ
found plaintiff had the same severe impairments that failed to
meet or equal any of the listed impairments.  T.R. 17; 20 C.F.R.
§ 416.920(d).  However, at step three the ALJ found that without
substance abuse, plaintiff would have only moderate difficulties
with concentration, persistence and pace.  T.R. 17.  At step four
the ALJ determined that plaintiff's RFC allowed her to perform
light work.  T.R. 18; see 20 C.F.R. § 416.967(b).  Relying on the
testimony of the medical examiner, Dr. Clayton, and examining
physician Dr. Kolilis, the ALJ found that without substance abuse
the plaintiff's deficiencies in concentration, persistence and
pace would not interfere with the completion of tasks in a timely
manner for one-third of the workday.  See T.R. 15, 18.  Given
this change in plaintiff's RFC from the first inquiry, the ALJ
proceeded to step five.  T.R. 18.  Relying on the testimony of
the VE, the ALJ found that if plaintiff abstained from substance
abuse she could perform work that exists in significant numbers
in the national economy.  T.R. 23, 674-75.  The ALJ found
plaintiff's substance abuse was a contributing factor material to

7 - OPINION AND ORDER

her disability.  T.R. 23-24.  Therefore, the ALJ concluded
plaintiff was not disabled under the Act.  T.R. 23-24.

DISCUSSION

Plaintiff refutes the ALJ's ultimate finding and argues that
the Commissioner's decision must be reversed and remanded for the
payment of benefits.  Plaintiff alleges that the ALJ (1) erred in
determining that plaintiff's substance abuse was a contributing
factor to her disability, and (2) improperly determined
plaintiff's residual functioning capacity.

A.  Substance Abuse Determination

Plaintiff argues the ALJ prematurely performed the DAA
inquiry.  Plaintiff alleges that the ALJ cannot find that
substance abuse constitutes a contributing factor unless the ALJ
first finds plaintiff suffers from a drug or alcohol addiction.
Plaintiff admits that in the past she has drank excessively and
used methamphetamine.  T.R. 20, 659-60.  She also admits to
regular marijuana use, which she claims is for pain management.
T.R. 660.  Plaintiff notes that while Dr. Brischetto diagnosed
her as marijuana dependent in 2005, T.R. 546-47, "[t]he bulk of
the medical experts did not diagnose [plaintiff] with cannabis
dependence."  Plaintiff's Opening Brief, at 11.  Plaintiff
contends that her current drug and alcohol use does not rise to
the level of addiction, and the ALJ improperly assumed her use of
substances constituted addiction.

As noted above, the ALJ found plaintiff ineligible for benefits because her substance abuse, namely regular marijuana use, was a contributing factor to her disability.  T.R. 21, 23-24; see 42 U.S.C. § 423(d)(2)(C).  The purpose of the DAA analysis is "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy."  Ball v. Massanari, 254 F.3d 817, 824 (9th Cir. 2001).  Once medical evidence of substance abuse arises, "the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability."  Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007).

The ALJ found plaintiff's record replete with evidence of plaintiff's substance abuse.  T.R. 20.  Plaintiff testified that she regularly uses marijuana and "would use it every day if I had it available."  T.R. 660-61.  Plaintiff reported she last used marijuana five days before the hearing.  T.R. 660-61.  The ALJ found these statements consistent with her medical reports, which detail plaintiff's long history of marijuana use.  T.R. 20-22, 134, 138, 539-40, 546, 559, 614, 634.  In addition to marijuana use, the ALJ noted that plaintiff's recorded history of substance abuse includes methamphetamine and alcohol.  T.R. 20.  The ALJ also found evidence in the record suggesting plaintiff's drug seeking behavior.  T.R. 20, 593.

Faced with substantial evidence of substance abuse,

9 - OPINION AND ORDER

specifically marijuana dependence, the ALJ properly evaluated
plaintiff under the five-step inquiry, twice. First, to
determine if plaintiff was disabled, taking into account
plaintiff's marijuana use and its impairing affects. T.R. 13-16.
After finding plaintiff disabled under the five-step inquiry, the
ALJ evaluated the plaintiff's case again, this time separating
out the affects of plaintiff's marijuana use. T.R. 16-19. The
ALJ relied on the report of examining physician Dr. Kolilis and
the testimony of medical expert Dr. Clayton and found that if
plaintiff abstained from marijuana her impairments would be less
limiting. T.R. 22-23, 639, 672. Specifically, Dr. Clayton
testified that without the additional impairment of marijuana,
plaintiff's concentration, persistence, and pace functioning
would improve from markedly impaired to moderately impaired.
T.R. 672. From this second analysis, the ALJ determined
plaintiff's RFC allows her to perform light work. T.R. 18. The
VE verified that such work does exist in significant numbers in
the national economy. T.R. 23. Thus, the ALJ concluded that
plaintiff's marijuana use was a contributing factor material to
her disability. T.R. 23-24.

    I find no legal error. Contrary to plaintiff's allegation,
the ALJ's failure to make a specific finding using the term
"addiction" to describe plaintiff's drug use does not affect the
analysis. Plaintiff's marijuana dependence is well-documented

and the ALJ's DAA findings are based on substantial evidence.
The plaintiff also failed to offer evidence that her marijuana
use did not contribute to her disability.  The ALJ did not error
in finding the substance abuse was a contributing factor material
to the determination of plaintiff's disability.

B.  Credibility Determination

Plaintiff's second argument refutes the ALJ's credibility
determination.  Plaintiff alleges that the ALJ improperly
rejected plaintiff's testimony and failed to give adequate weight
to her treating physician's report.

1.  Plaintiff's Testimony

Plaintiff argues that the ALJ failed to provide clear and
convincing reasons to reject her subjective complaints and failed
to complete the two-step analysis provided in SSR 96-7p.
Specifically, plaintiff argues that in making an adverse
credibility finding the ALJ improperly considered plaintiff's
sparse employment, daily activities, and evidence of malingering.
Plaintiff claims these errors affect the ALJ's conclusions and
warrant a reversal.

Plaintiff testified that she suffers from equilibrium
deficits and often requires assistance to stand up.  T.R. 653-54.
Plaintiff stated that because of her poor balance she is unable
to ride a bicycle.  T.R. 657.  She stated that she often staggers
when walking and sits down when she feels dizzy.  T.R. 654-55.

11 - OPINION AND ORDER

Plaintiff stated that she takes medication to control her

seizures, but still has grand-mal seizures weekly.  T.R. 656.

Plaintiff testified that her memory is impaired and that she

lacks the concentration to complete puzzles.  T.R. 658.

Plaintiff stated that her cooking and baking abilities are

limited by her forgetfulness.  T.R. 659, 665.  Plaintiff stated

that she grocery shops, usually with assistance, and can handle

her own finances.  T.R. 666.  Plaintiff testified that she has

not worked since her 2004 motorcycle accident.  T.R. 663.

     The ALJ found that plaintiff's complaints were not fully

credible, citing inconsistencies between the severity of her

reported symptoms and the medical evidence on record.  T.R. 21-

23.

     When a plaintiff produces objective medical evidence of an

impairment that reasonably could be expected to produce some

degree of the symptoms complained of, "the ALJ may reject the

claimant's testimony regarding the severity of symptoms only if

he makes specific findings stating clear and convincing reasons

for doing so."  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.

1996); see also SSR 96-7p, available at 1996 WL 374186; Thomas v.

Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ credibility

findings must be "sufficiently specific to permit court to

conclude that the ALJ did not arbitrarily discredit claimant's

testimony").  The ALJ is not bound to the clear and convincing

standard "when there is affirmative evidence that the claimant is
malingering." Carmickle v. Commissioner, 533 F.3d 1155, 1160
(9th Cir. 2008).

    In making a credibility finding, the ALJ may consider
objective medical evidence, the claimant's treatment history, and
any unexplained failure to seek treatment or follow a prescribed
course of treatment. Smolen, 80 F.3d at 1284. The ALJ may also
consider the claimant's daily activities, work record, and the
observations of physicians. Id. Finally, the ALJ may employ
ordinary techniques of credibility evaluation, such as the
claimant's reputation for lying and prior inconsistent statements
concerning alleged symptoms. Id. 9th Circuit case law is
consistent with the requirements of  SSR 96-7p. See, e.g., Id.
at 1281-82.

    Plaintiff contends that the ALJ failed to meet the above
standard because the ALJ improperly included factors such as
plaintiff's daily activities and work history in his credibility
analysis.  The plaintiff also alleges the ALJ made an improper
finding of malingering.

    The ALJ found the medical record did not reflect the level
of disability alleged by plaintiff. T.R. 19. Although plaintiff
testified that her balance and memory problems significantly
impeded her daily activities, the ALJ found that plaintiff's
treatment records from examining physicians, Drs. Brischetto and

Kolilis, reported a higher level of daily functioning.  T.R. 21,
541, 632. Plaintiff testified that off-equilibrium and memory
deficits impaired her ability to complete puzzles or even stand
unassisted.  T.R. 658, 654.  But plaintiff reported to examining
physicians that she could "complete household chores such as
cooking, washing dishes, cleaning and laundry.... use public
transportation ... [and] perform grocery shopping and other
household errands."  T.R. 21, 541, 634-35.   The ALJ found that
plaintiff's treatment report contradicted her testimony. T.R. 21.

     The ALJ noted that plaintiff had "never sustained
employment."  T.R. 21.  This is consistent with plaintiff's
testimony that she has not worked since 2004.  T.R 663.
Plaintiff noted on her SSI application that prior to her 2004
accident, her longest employment lasted less than two years,
ending in 1992.  T.R. 55.  The ALJ found that plaintiff's limited
employment experience constituted a poor work history.  T.R. 21.
The ALJ considered this factor as one of several in his
credibility evaluation.  T.R. 21.

     Finally, the ALJ found that while plaintiff's limitations
were generally consistent with plaintiff's testimony, T.R. 23,
the record also contained evidence that plaintiff exaggerated
symptoms and had a "selective" memory.  T.R. 21, 638.  The ALJ
also found that plaintiff was noncompliant with medical treatment
and neglected to take prescribed medications.  T.R. 22, 136, 373.

For example, plaintiff testified that she weekly suffers grand mal seizures.  T.R. 656.  The ALJ noted that plaintiff's medical record describes less severe seizures, controlled with medication.  T.R. 14, 626, 638.  The ALJ also found plaintiff declined recommended mental health counseling and failed to comply with cognitive therapy.  T.R. 22, 638, 269.

In reviewing plaintiff's credibility, the ALJ gave great weight to Dr. Kolilis's report.  T.R. 22.  The ALJ noted that plaintiff had been "diagnosed" with malingering, based on Dr. Kolilis's "rule out malingering" diagnoses.  T.R. 21, 639. Plaintiff contends that a "rule out" diagnoses is less than a full diagnoses, and claims Dr. Kolilis required more information to affirmatively diagnose plaintiff with malingering.

I find no legal error.  The ALJ properly evaluated plaintiff's daily activities as part of the credibility determination and partially discredited plaintiff's testimony where it differed from her examining doctors' reports and contradicted plaintiff's prior statements.  The ALJ's findings that plaintiff had not sustained employment and demonstrated a poor work history were not central to the ALJ's analysis.  The ALJ properly found affirmative evidence of malingering and exaggerated symptoms.  A specific malingering diagnoses is not required for the ALJ to discredit a plaintiff's testimony.  The ALJ considered the entire record and his reasons for discrediting

15 - OPINION AND ORDER

the plaintiff were clear, convincing and supported by the record.

2.  Opinion of Treating Physician

Plaintiff also alleges that the ALJ improperly gave little weight to the opinion of Dr. Ventres, her treating physician. Plaintiff claims that Dr. Ventres is her primary care physician, and the ALJ evaluated the credibility of Dr. Ventres's report without giving deference to Dr. Ventres's treating physician status.  The plaintiff alleges that this error affected the ALJ's determination of plaintiff's RFC.

In October 2007, Dr. Ventres sent the ALJ a letter and a treatment report for plaintiff.  T.R. 625-31.  In the letter Dr. Ventres explained that plaintiff became a patient at his office in March 2005, and Dr. Ventres first saw plaintiff in May 2005. T.R. 625.  Dr. Ventres treated plaintiff regularly, and last saw her in October 2007.  T.R. 625-26.  Dr. Ventres noted that plaintiff had several conditions including cognitive disorder, chronic disequilibrium, and memory loss.  T.R. 625.  He noted that her seizures were controlled when she took her prescribed medication.  T.R. 626.  He reported her functioning limited by poor cognitive abilities and memory.  T.R. 626. Dr. Ventres opined that plaintiff's "problems obviously interfere with her ability to focus and concentrate on tasks."  T.R. 626.

Dr. Ventres further reported that plaintiff could occasionally lift or carry ten pounds, and frequently lift or carry less than ten.  T.R. 628.  He noted that plaintiff could

16 - OPINION AND ORDER

stand or walk two hours and sit for less than six hours in a work day. T.R. 628-29. Dr. Ventres reported that plaintiff could occasionally climb stairs or ladders, kneel, crouch, crawl, and stoop, but could not balance. T.R. 629. He reported plaintiff had reach limitations and should avoid hazards, such as machinery and heights. T.R. 630-31.

Absent from Dr. Ventres's report was mention of plaintiff's substance abuse or daily activities. T.R. 23.

The medical opinion of plaintiff's treating physician is entitled to "special weight" because "his is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriquez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989) (citation omitted). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Andrew, 53 F.3d at 1043. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ gave great weight to reports of examining physicians Drs. Kolilis and Ellison, and little weight to the report of

17 - OPINION AND ORDER

treating physician Dr. Ventres.  T.R. 22.  The ALJ found that
Dr. Ventres offered no clear diagnoses, vague opinions, and no
objective medical evidence to support his assessment.  T.R. 22.
The ALJ noted that Dr. Ventres referenced plaintiff's cognitive
problems as constituting the "bulk of [plaintiff's] limitations."
T.R. 22, 626.  But the ALJ noted that Dr. Ventres failed to
provide a specific diagnosis for plaintiff's cognitive
impairments.  T.R. 22, 625.  The ALJ found that Dr. Ventres's
professional opinion was not substantiated by any objective tests
evaluating the presence or severity of plaintiff's cognitive
problems.  T.R. 22-23, 625-26, 637.

        The ALJ discredited Dr. Ventres's report where it
contradicted the reports of Drs. Kolilis and Ellison.  T.R. 22-
23. Dr. Ventres reported that he determined plaintiff's
exertional limitations based on plaintiff's "described" dizziness
and disequilibrium.  T.R. 626, 629.  Dr. Ventres further reported
that postural limitations precluded plaintiff's ability to
balance.  T.R. 629.  This assessment contradicted Dr. Kolilis's
observation of plaintiff standing and walking without severe
disequilibrium.  T.R. 22, 635, 637.  Dr. Ventres also noted that
plaintiff had limited reaching abilities.  This record
contradicted Dr. Ellison's clinical findings. T.R. 560-61.  Dr.
Ellison conducted several tests with plaintiff, and determined
plaintiff able to "reach, grip, [and] release and manipulate
large and small objects."  T.R. 22, 561.   The ALJ noted that Dr.
18 - OPINION AND ORDER

Ventres's report included no assessment of plaintiff's
limitations based on medical testing or evaluation.  T.R. 22-23.

The ALJ noted that Dr. Ventres's report ignored plaintiff's
well-documented record of substance abuse and ability to perform
daily activities.  T.R. 22.  Both plaintiff's testimony and Dr.
Kolilis's report describe plaintiff's regular marijuana use.
T.R. 660-61, 637-39.  Dr. Ventres's report does not mention
plaintiff's marijuana use.  T.R. 23, 625-31.  The ALJ also noted
that Dr. Ventres seemed "unaware of the claimant's activities of
daily living."  T.R. 23.  Dr. Ventres reported that based on his
observations plaintiff demonstrated a "continued inability to
function."  T.R. 626.  The ALJ found that reports from Drs.
Kolilis and Ellison detailed plaintiff's daily activity level and
suggested a high level of independent functioning.  T.R. 22, 559,
634-35.

I find no legal err in the ALJ's evaluation of Dr. Ventres's
opinion.  Contrary to plaintiff's claim, the ALJ's RFC finding is
proper.  As noted by the ALJ, Dr. Ventres provided no medical
basis to substantiate his treatment report.  T.R. 22-23.
Instead, Dr. Ventres largely based his opinions on plaintiff's
subjective complaints.  T.R. 626.  Further, Dr. Ventres's failure
to report plaintiff's substance abuse or the extent of her daily
activities, both well-documented in plaintiff's record, belie the
thoroughness of his report.

It is clear from the record that Dr. Ventres treated

19 - OPINION AND ORDER

plaintiff for over two years.  T.R.  625-26.  While the ALJ may
not have fully credited the relationship between Dr. Ventres and
plaintiff, the ALJ provided clear and convincing reasons to
accord little weight to Dr. Ventres's report.

### CONCLUSION

The ALJ's finding that plaintiff is not disabled within the
meaning of the Act because her substance abuse is a contributing
factor material to her disability is based on proper legal
standards and supported by substantial evidence in the record.
Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this _____ day of February, 2010.

_____
Ann Aiken
United States District Judge